UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JUDY THOMAS,<br><br>   Plaintiff,<br><br> -against-<br><br>JONES DAY,<br><br>   Defendant. | Case No.: 21-cv-10245 |

## **NOTICE OF REMOVAL**

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and Local Rule 81.1, Defendant Jones Day, by undersigned counsel, hereby submits notice of removal of this action from the Superior Court of Massachusetts in and of Suffolk County, to the United States District Court for the District of Massachusetts. In support of this Notice of Removal, Jones Day states the following:

### **BACKGROUND**

1. On February 2, 2021, plaintiff Judy Thomas ("Plaintiff"), a resident of New Hampshire, filed her Complaint and Jury Demand ("Complaint"), captioned *Judy Thomas v. Jones Day*, Civ. A. No. 21-0231, in Superior Court for Suffolk County, Massachusetts. A true and correct copy of the Complaint is attached hereto as **Exhibit A**.

2. In her Complaint, Plaintiff alleges employment discrimination and retaliation in violation of M.G.L. c. 151B § 1 *et seq.*

## TIMING OF NOTICE

3. This Notice of Removal is timely because it is being "filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." 28 U.S.C. § 1446(b)(1).

4. On February 11, 2021, Jones Day independently obtained the Complaint through an electronic search of the docket for the Superior Court of Massachusetts. (*See* Declaration of K. Wallace at ¶ 3, attached as **Exhibit B**.)

5. Jones Day has not been served in the state court action that Jones Day seeks to remove through this Notice of Removal. (*See* Declaration of K. Wallace at ¶ 2, attached as **Exhibit B**.)

6. Accordingly, because Jones Day is filing this Notice of Removal one day after obtaining the Complaint, the Notice of Removal is timely.

## COMPLETE DIVERSITY

7. This action is removable from Superior Court for Suffolk County, Massachusetts to this Court because complete diversity of citizenship exists under 28 U.S.C. § 1332.

8. Upon information and belief, at the time the Complaint was filed and at all times since, Plaintiff was a citizen of New Hampshire. (*See* Complaint at ¶ 1, attached as **Ex. A**.)

9. For purposes of diversity jurisdiction, the citizenship of a "partnership . . . is determined by the citizenship of all of its members." *Pramco LLC ex. rel. CFSC Consortium, LLC v. San Juan Bay Marina, Inc.*, 435 F.3d 51, 54 (1st Cir. 2006).

10. At the time the Complaint was filed and at all times since, Jones Day was and is an Ohio general partnership with an office in Boston, Massachusetts. Jones Day does not have any

offices in New Hampshire, and no Jones Day partners reside in New Hampshire. (*See* Declaration of K. Wallace at ¶¶ 4-5, attached as **Ex. B**.)

11. Under the plain language of 28 U.S.C. § 1441(b)(2), "until a home-state defendant has been served in accordance with state law . . . a state court lawsuit is removable [to federal court] . . . ." *Gibbons v. Bristol-Myers Squibb Co.*, 919 F.3d 699, 705 (2d Cir. 2019); *see also Encompass Ins. Co. v. Stone Mansion Rest. Inc.*, 902 F.3d 147, 152 (3d Cir. 2018) ("[The] plain meaning [of 28 U.S.C. § 1441(b)(2)] precludes removal on the basis of in-state citizenship *only when the defendant has been properly joined and served*.") (emphasis added). This is so because Section 1441(b)(2) expressly requires that a defendant must be "properly joined and served" for its bar on in-state diversity jurisdiction removal to apply. *See* 28 U.S.C. § 1441(b)(2); *Gibbons*, 919 F.3d at 705; *Encompass*, 902 F.3d at 152.

12. Here, Jones Day has not been served in the state court action it seeks to remove through this Notice of Removal. (*See* Declaration of K. Wallace at ¶ 2, attached as **Ex. B**.)

13. Thus, 28 U.S.C. § 1441(b)(2) does not preclude Jones Day from removing this matter to federal court, even if Jones Day is considered an in-state defendant for purposes of diversity jurisdiction.

14. Accordingly, because there is diversity of citizenship between Plaintiff and Jones Day and Jones Day has not been served, the complete diversity requirement for removal is satisfied.

**AMOUNT IN CONTROVERSY**

15. This action is removable from Superior Court for Suffolk County, Massachusetts to this Court because, on the face of the Complaint, the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332.

16. Pursuant to 28 U.S.C. § 1446(c)(2)(B), removal is proper "if the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds [$75,000]." As the Supreme Court has clarified, a notice of removal to federal court under 28 U.S.C. § 1446(a) "need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold" and need not include actual evidence establishing that amount. *See Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 88-89 (2014).

17. "When the plaintiff's complaint does not state the amount in controversy, the defendant's notice of removal may do so." *Id.* at 84. A "defendant's amount-in-controversy allegation should be accepted when not contested by the plaintiff or questioned by the court." *Id.* at 87. If, however the plaintiff contests that allegation, "both sides submit proof and the court decides, by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied." *Id.* at 88.

18. Here, Plaintiff has not demanded a specific amount of damages. The nature of Plaintiff's allegations in the Complaint, however, establishes that the amount in controversy exceeds $75,000, exclusive of interest and costs.[1]

19. Plaintiff seeks damages for employment discrimination and retaliation, including for the termination of her employment. (*See* Complaint at Causes of Action 1 – 5, attached as **Ex. A**.) Plaintiff alleges that she earned "approximately $100,000" annually prior to her termination on February 5, 2018. (*See* Complaint at ¶¶ 5, 55, attached as **Ex. A**.) Given Plaintiff's annual compensation and that three years have elapsed since Plaintiff's termination, potential backpay damages alone substantially exceed $75,000.

---

[1] Jones Day denies Plaintiff's allegations, does not concede that Plaintiff is entitled to any relief sought in the Complaint, and specifically denies that Plaintiff is entitled to recover any damages.

20. Plaintiff also alleges that she suffered an "emotional breakdown" that "continues to have an effect today," and seeks compensatory damages for emotional distress. (*See* Complaint at ¶ 57, request for relief, attached as **Ex. A**.) And, Plaintiff requests punitive damages pursuant to M.G.L. c. 151B § 9. (*See* Complaint, request for relief, attached as **Ex. A**.) Plaintiff's demand for emotional distress and punitive damages further demonstrate that the amount in controversy exceeds $75,000.

21. Accordingly, it is evident from the face of the Complaint that the jurisdictional amount required under 28 U.S.C. § 1332(a) is satisfied.

**REMOVAL PROCEDURES**

22. The Superior Court of Suffolk County, Massachusetts is located within the District of Massachusetts. *See* 28 U.S.C. § 101. Venue for this action is proper in this Court because the District of Massachusetts is the "district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

23. Pursuant to 28 U.S.C. § 1446(b), this Notice of Removal is timely filed because fewer than 30 days have passed since Jones Day obtained the Complaint on February 11, 2021.

24. Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, orders, and other documents accessible on the electronic docket of the Superior Court of Massachusetts for Suffolk County are attached hereto. (*See* Complaint, attached as **Ex. A**.)

25. In accordance with 28 U.S.C. §1446(d), written notice of the filing of this Notice of Removal will be promptly delivered to counsel for Plaintiff and will be filed with the Clerk of the Superior Court for Suffolk County, where this action is pending.

26. Pursuant to 28 U.S.C. § 1446(a) and (c) and Local Rule 81.1, within twenty-eight days of filing this Notice of Removal, Jones Day will ensure filing with this Court of certified copies of all records and proceedings in the state court action.

27. No previous application has been made for the relief requested herein.

28. Jones Day reserves the right to amend this Notice of Removal. By removing this action to this Court, Jones Day does not waive any defenses, objections, or motions available under state or federal law.

**WHEREFORE**, Jones Day respectfully removes this action from the Superior Court for Suffolk County, Massachusetts to this Court pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, and requests that this Court retain jurisdiction for all further proceedings.

Respectfully submitted,

Dated: February 12, 2021
Boston, Massachusetts

JONES DAY

By: */s/ Kate Wallace*
Kate Wallace (BBO # 665503)
100 High Street 21st Floor
Boston, Massachusetts 02110
Telephone: (617) 449-6893
Facsimile: (617) 449-6999
kwallace@jonesday.com

*Attorneys for Defendant Jones Day*

## CERTIFICATE OF SERVICE

I hereby certify that on February 12, 2021, I electronically filed the foregoing document using the Court's CM/ECF system and served the same on the below-listed counsel for Plaintiff Judy Thomas by First-Class mail, with courtesy copies by overnight mail and e-mail.

    Suzanne L. Herold
    Herold Law Group, P.C.
    50 Terminal Street
    Building 2, Suite 716
    Charlestown, MA 02129
    suzie@heroldlawgroup.com

Dated: February 12, 2021
       Boston, Massachusetts

By: /s/ *Kate Wallace*
    Kate Wallace