UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

---

JUDY THOMAS,

               Plaintiff,

    -against-

JONES DAY,

               Defendant.

Case No.:  21-cv-10245

**ORAL ARGUMENT REQUESTED**

---

## <u>MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT JONES DAY'S MOTION TO DISMISS</u>

Defendant Jones Day ("Jones Day") moves this Court to dismiss the claims of Judy Thomas ("Plaintiff") pursuant to Federal Rule of Civil Procedure 12(b)(5).[1]  Dismissal pursuant to Rule 12(b)(5) is warranted because it is undisputed that Plaintiff did not serve Jones Day when her action was pending in state court, and has not served Jones Day since her case was removed to this Court on February 12, 2021.

*First*, Federal Rule of Civil Procedure 4(m) and controlling First Circuit law require dismissal of Plaintiff's case because Plaintiff did not serve Jones Day by May 13, 2021 – the 90-day service deadline.  The law is clear that Rule 4(m) applies to cases removed to federal court where service was not effectuated prior to removal.  *See, e.g.*, *Burke v. City of Bos.*, 201 F.3d 426, 1999 WL 1338355, at *1 (1st Cir. 1999)  It is similarly well-established that, in cases removed to federal court, "Rule 4(m) . . . requires dismissal if service is not made within [90] days of [removal]

---

[1] Jones Day submits herewith the Declaration of Kate Wallace, Esq., dated September 7, 2021, ("Wallace Decl.") and the exhibits ("Ex.") attached thereto, which include the September 1, 2021 e-mail correspondence between Ms. Jennifer Gaudet and counsel for the Parties and the September 1, 2021 e-mail correspondence between counsel for the Parties.

unless the plaintiff shows 'good cause' for the failure." *Id.*; *see also, e.g.*, *Cardenas v. City of Chicago*, 646 F.3d 1001, 1004 (7th Cir. 2011). Indeed, the First Circuit and courts throughout the country routinely dismiss cases where the plaintiff failed to effectuate service after removal. *See, e.g.*, *Burke*, 201 F.3d 426, 1999 WL 1338355, at *2; *Cardenas*, 646 F.3d 1001 at 1007; *Gerena v. Korb*, 617 F.3d 197, 202 (2d Cir. 2010). Further, a Plaintiff cannot secure an extension of Rule 4(m)'s service time unless the plaintiff "first . . . substantial[ly] compli[ed]" with the service requirements. *Burke*, 201 F.3d 426, at *2. Here, Plaintiff did not serve Jones Day by Rule 4(m)'s May 13, 2021 deadline, and has not served Jones Day to date. (*See* Wallace Decl. at ¶ 6.) And, upon information and belief, Plaintiff has not taken any action to serve Jones Day since the removal of the case to this Court.

*Second*, District of Massachusetts Local Rule 4.1(b) mandates "*automatic*" dismissal of Plaintiff's case. *See* L.R., D. Mass. 4.1(b) (emphasis added). Local Rule 4.1(b) provides that, if a plaintiff fails to effectuate service within the 90-day period and does not move to enlarge service time within 14 days of the 90-day deadline, the Clerk of Court must "*automatically enter an order of dismissal*." *Id.* (emphasis added). Plaintiff did not serve Jones Day by May 13, 2021 (*see* Wallace Decl. at ¶ 6), and did not move to enlarge service time within 14 days of that deadline (*see* Docket). Indeed, Plaintiff has not filed motion to enlarge time to date. (*See* Docket.)

For these reasons, Plaintiff's case must be dismissed.

## BACKGROUND

On February 2, 2021, Plaintiff filed her Complaint and Jury Demand ("Complaint"), captioned *Judy Thomas v. Jones Day*, Civ. A. No. 21-0231, in Superior Court for Suffolk County, Massachusetts. (*See* Dkt. 1.1, Complaint and Jury Demand.) On February 12, 2021, Jones Day removed Plaintiff's state court action to this Court. (*See* Dkt. 1, Notice of Removal). Plaintiff did

not serve Jones Day in the state court case.  (*Id.* at ¶ 5.)  Since the February 12, 2021 removal, Plaintiff has not served Jones Day.  (*See* Wallace Decl. at ¶ 6.)  Indeed, Plaintiff has not filed a return of service or any other proof of service.  (*See* Docket.)  The 90-day period for Plaintiff to serve Jones Day expired on May 13, 2021.  *Infra* at 4-5.  Plaintiff never filed a motion to enlarge her time to serve Jones Day.  (*See* Docket.)

On September 1, 2021, Ms. Jennifer Gaudet, Courtroom Deputy to Hon. William Young, e-mailed counsel for the Parties to inquire about the status of this case.  (*See* Wallace Decl. at ¶¶ 8-9, Ex. A.)  In response, Ms. Kate Wallace, counsel for Jones Day, explained that "Jones Day has not filed a responsive pleading because Jones Day has not been served in this case."  (*Id.* at ¶¶ 8-9, Ex. A.)  Shortly thereafter on September 1, 2021, Ms. Suzie Herold, counsel for Plaintiff, e-mailed Ms. Wallace, stating:  "[i]t is my understanding that when you removed, your client was deemed served . . . Are you willing to accept service?  Do you want me to formally have your client served?"  (*Id.* at ¶¶ 10-11, Ex. B.)  In return, Ms. Wallace clarified that, "[i]t is [Jones Day's] position that service has not been effectuated in this case.  Service was not effectuated prior to removal and removal does not 'deem' the complaint served.  We will not agree to accept service."  (*Id.* at ¶¶ 10-11, Ex. B.)  Plaintiff's counsel's September 1, 2021 e-mail to Ms. Wallace was Plaintiff's first communication with Jones Day regarding service since the February 12, 2021 removal of this case.  (*Id.* at ¶ 12.)  Jones Day is not aware of Plaintiff making any efforts to serve Jones Day.  (*Id.* at ¶ 13.)  In sum, Jones Day is not aware of Plaintiff taking any action to effectuate service in more than seven months since she filed her Complaint.  (*Id.*)

## ARGUMENT

"When the sufficiency of process is challenged under Rule 12(b)(5), plaintiff bears 'the burden of proving proper service.'"  *Brown v. Dash*, 2020 WL 6806433, at *4 (D. Mass. Nov. 18,

2020) (quoting *Rivera-Lopez v. Municipality of Dorado*, 979 F.2d 885, 887 (1st Cir. 1992)).  "A return of service 'generally serves as prima facie evidence that service was validly performed,' but a defendant may adduce 'rebuttal evidence to refute any presumption of valid service.'"  *Id.* (quoting *Blair v. City of Worcester*, 522 F.3d 105, 111-12 (1st Cir. 2008)).  "An affidavit produced by a defendant . . . denying valid service, standing alone, may be sufficient to refute the *prima facie* presumption of proper service under . . . federal law." *Id.* (citing *Blair*, 522 F.3d at 112).  "In adjudicating a Rule 12(b)(5) motion . . . a court may look beyond the pleadings and may consider affidavits and other documents to determine whether process was properly served . . . ." *Lott v. KForce, Inc.*, 2019 WL 3573154, at *2 (D. Mass. Aug. 6, 2019) (internal citation and quotations omitted).

## I.  Plaintiff's Complaint Must Be Dismissed Because Plaintiff Has Not Served Jones Day.

To begin, 28 U.S.C. § 1448 provides:

> In all cases removed from any State court to any district court of the United States in which any one or more of the defendants has not been served with process . . . prior to removal . . . such process or service may be completed or new process issued in the same manner as in cases originally filed in such district court.

28 U.S.C. § 1448.  And, Federal Rule of Civil Procedure 4(m) states:

> If a defendant is not served within 90 days after the complaint is filed, the court— on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).

It is well-established that "Federal Rule 4(m) applies . . . [where] no service was made prior to removal . . . ." *Burke v. City of Bos.*, 201 F.3d 426, 1999 WL 1338355, *1 (1st Cir. 1999) (citing 28 U.S.C. § 1448); *see also, e.g.*, *Cardenas v. City of Chicago*, 646 F.3d 1001, 1004 (7th Cir. 2011) ("The same [4(m)] period applies where suits are removed to federal court from state court . . . .");

*Eccles v. Nat'l Semiconductor Corp.*, 10 F. Supp. 2d 514, 519 (D. Md. 1998) ("Rule 4(m) . . . applies to removed cases after the date of removal."). "In cases removed from state court, the 90-day clock . . . begin[s] to run [when] the action is removed." *Egan v. Tenet Health Care*, 193 F. Supp. 3d 73, 79 (D. Mass. 2016); *see also, e.g.*, *Cardenas*, 646 F.3d at 1004; *Eccles*, 10 F. Supp. 2d at 519. And, "[t]he sufficiency of service made after removal of an action from state court is governed by the Federal Rules of Civil Procedure." *Egan*, 193 F. Supp. 3d at 79; *see also* Fed. R. Civ. P. 81(c)(1) ("These rules apply to a civil action after it is removed from a state court.").

In cases removed to federal court – as in cases filed in federal court – service is required for the court to gain personal jurisdiction over the defendant.[2] *See, e.g.*, *Cardenas*, 646 F.3d at 1005 ("[S]ervice requirements . . . trigger a district court's ability to exercise jurisdiction over a defendant."); *Graves v. Republic Nat'l Distrib. Co.*, 42 F. Supp. 3d 121, 122 (D.D.C. 2014) ("A court ordinarily may not exercise personal jurisdiction over a party named as a defendant in the absence of service of process . . . ."); *Doctrine v. Equifirst Corp.*, 2009 WL 10712214, at *3 (N.D. Ga. Dec. 3, 2009), report and recommendation *adopted sub nom. Ambrose Doctrine v. EquiFirst Corp.*, 2010 WL 11647670 (N.D. Ga. Jan. 22, 2010) ("Service of process is a jurisdictional requirement: a court lacks jurisdiction over the person of a defendant when that defendant has not been served.") (internal citation and quotations omitted); *Eccles*, 10 F. Supp. 2d at 520 (similar).

In cases removed to federal court, "Rule 4(m) . . . requires dismissal if service is not made within [90] days of [removal] unless the plaintiff shows 'good cause' for the failure." *Burke*, 201 F.3d 426, 1999 WL 1338355, at *1; *see also, e.g.*, *Eccles*, 10 F. Supp. 2d at 519 ("The Fourth Circuit recently stated that, absent good cause for the delay, federal district courts must dismiss

---

[2] In addition to moving for dismissal pursuant to Rule 12(b)(5), Jones Day also asserts that the Complaint must be dismissed because the Court lacks personal jurisdiction over Jones Day since it has not been served. *Supra* at 3, 5.

cases which run afoul of Rule 4(m), and lack discretion to reach a contrary result.") (citing *Mendez v. Elliot*, 45 F.3d 75, 78-79 (4th Cir. 1995)).

The First Circuit and courts across the country routinely dismiss cases where the plaintiff failed the effectuate service after removal as required by Rule 4(m).  *See, e.g.*, *Burke*, 201 F.3d 426, 1999 WL 1338355, at *2 (affirming dismissal of case where plaintiff attempted "no service at all" after removal); *Cardenas*, 646 F.3d 1001 at 1007 (affirming dismissal of case where plaintiff "made no attempt to serve [defendant]" after removal); *Gerena v. Korb*, 617 F.3d 197, 202 (2d Cir. 2010) (affirming dismissal of case where plaintiffs "advanced no argument as to why they could not timely serve [defendant]" after removal); *Massey v. Riverside Univ. Health Sys. - Med. Ctr.*, 2021 WL 879107, at *3 (C.D. Cal. Jan. 5, 2021) (dismissing case because "almost six months after removal of the action, Plaintiff has yet to file any proof of service"); *Kogan v. Facebook, Inc.*, 334 F.R.D. 393, 403 (S.D.N.Y. 2020) (dismissing case where plaintiff "failed to demonstrate any attempt to discharge his service duties" after removal); *Williams v. Kroger Texas, L.P.*, 2016 WL 5870976, at *2 (N.D. Tex. Oct. 6, 2016) (dismissing case because "[t]here is no indication . . . that Plaintiff has made any efforts to serve [defendant] . . . and more than 90 days has passed since this case was removed"); *Graves*, 42 F. Supp. 3d 121 at 124 (dismissing case where *pro se* plaintiff "fail[ed] to properly serve Defendant" "nearly six months" after removal); *McNeil v. City of Pittsburgh*, 2011 WL 5840607, at *2 (W.D. Pa. Nov. 21, 2011) (dismissing case because "Plaintiff failed to serve defendants at all" after removal); *Doctrine*, 2009 WL 10712214, at *5 (dismissing case where *pro se* plaintiff "failed to serve the defendants" after removal); *Eccles*, 10 F. Supp. 2d at 520) ("Plaintiff's failure to serve process after removal . . . requires the Court to dismiss the case under [FRCP] 4(m).").

## II.      Administrative Dismissal By The Clerk Should Be Automatic.

In the District of Massachusetts, if a plaintiff fails to effectuate service within the 90-day period, the case must be "*automatically*" dismissed unless the plaintiff moves to enlarge service time by 14 days after the 90-day deadline.  *See* L.R., D. Mass. 4.1(b) (emphasis added).  Local Rule 4.1(b) provides:  "[c]ounsel and parties appearing pro se who seek to show good cause for the failure to make service within the 90-day period prescribed by Fed. R. Civ. P. 4(m) shall do so by filing a motion for enlargement of time . . . ."  *Id.*  The rule next dictates that "[i]f on the 14th day following the expiration of the 90-day period good cause has not been shown as provided herein, *the clerk shall forthwith automatically enter an order of dismissal* for failure to effect service of process, *without awaiting any further order of the court*."  *Id.* (emphasis added).

Even if Local Rule 4.1(b) did not mandate "*automatic*[]" dismissal when a party fails to move to enlarge time within 14-days, a plaintiff nonetheless faces an uphill battle in seeking an extension of service time.  "A party seeking a good cause extension bears a heavy burden of proof . . . ."  *Kogan*, 334 F.R.D. at 401-02 (internal citation and quotations omitted).  And, for a plaintiff to establish that an extension is warranted, "there must first be substantial compliance" with the service requirements.  *Burke*, 201 F.3d 426, 1999 WL 1338355, at *2; *see also, e.g.*, *Cardenas*, 646 F.3d at 1006 (affirming denial of extension of service time because "the fault for the profound delay rested squarely on Plaintiffs' counsel's shoulders . . . .") (internal citation and quotations omitted); *Kogan*, 334 F.R.D. at 401 ("Good cause . . . exists only in exceptional circumstances where the plaintiff's failure to serve process in a timely manner was the result of circumstances beyond its control.") (internal citations and quotations omitted); *Williams*, 2016 WL 5870976, at *2 ("[A] plaintiff 'must make a showing of good faith and establish some reasonable basis for noncompliance within the time specified.'") (quoting *Systems Signs Supplies v. United States Dep't of Justice*, 903 F.2d 1011, 1013 (5th Cir. 1990)).  Moreover, a "lack of prejudice to [a]

defendant[] . . . cannot negate [a] counsel's fundamental failure" to comply with the service requirements. *Burke*, 201 F.3d 426, 1999 WL 1338355, at *2; *see also, e.g.*, *Kogan*, 334 F.R.D. at 403 ("[C]ourts which consider[] prejudice to defendants d[o] so only after finding that plaintiff had been diligent in attempting to make service . . . .") (internal citations and quotations omitted). Finally, "[a]n attorney's inadvertence, neglect, or mistake is not good cause" for extending the Rule 4(m) service period. *Kogan*, 334 F.R.D. at 403 (internal citations omitted); *see also, e.g.*, *Williams*, 2016 WL 5870976, at *2 ("To establish good cause . . . simple inadvertence or mistake of counsel or ignorance of the rules usually does not suffice.'") (quoting *Systems Signs Supplies*, 903 F.2d at 1013).

Rule 4(m), controlling First Circuit law, and Local Rule 4.1(b) all require dismissal because Plaintiff has not served Jones Day even though the 90-day service period expired months ago. Rule 4(m)'s service period commenced on Jones Day's February 12, 2021 removal of this action and expired 90-days later on May 13, 2021. *Supra* at 4-5. To date, Plaintiff has not served Jones Day. *Supra* at 3. In fact, after Jones Day removed this action, Plaintiff did not communicate with Jones Day regarding service until September 1, 2021 – and then did so only because the Court inquired regarding the status of this case. *Supra* at 3. And, upon information and belief, Plaintiff has not taken any action to serve Jones Day. *Supra* at 3. In sum, Plaintiff has taken no steps to serve Jones Day in the nearly seven months since removal of this case. *Supra* at 3. Thus, the Complaint must be dismissed. *Supra* at 4-8; *Burke*, 201 F.3d 426, *1-*2.[3]

---

[3] Jones Day did not move to dismiss the Complaint closer-in-time to May 13, 2021 because Jones Day anticipated that the Clerk of Court would "automatically" dismiss this case pursuant to Local Rule 4.1(b). (Wallace Decl. at ¶¶ 14-17.) Ms. Gaudet's September 1, 2021 e-mail (*supra* at 3), however, indicated that the Court is not taking such action. (*Id.* at ¶ 18.) Accordingly, Jones Day now moves to dismiss the Complaint. (*Id.* at ¶ 19.)

## **CONCLUSION**

Based on all of the foregoing, Jones Day's Motion to Dismiss should be granted and the Complaint should be dismissed.

Respectfully submitted,

JONES DAY,

Dated:  September 7, 2021
        Boston, Massachusetts

By its counsel,
/s/ *Kate Wallace*
_____
     Jones Day
     Kate Wallace (BBO # 665503)
     100 High Street 21st Floor
     Boston, Massachusetts 02110
     Telephone:  (617) 449-6893
     Facsimile:  (617) 449-6999
     kwallace@jonesday.com

     *Attorneys for Defendant Jones Day*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on September 7, 2021, I electronically filed the foregoing document using the Court's CM/ECF system.


Dated:  September 7, 2021
       Boston, Massachusetts

By: /s/ *Kate Wallace*                    
    Kate Wallace